# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LONNIE RARDEN,
Petitioner,

vs.

WARDEN, WARREN CORRECTIONAL
INSTITUTION,
Respondent.

Civil Action No. 1:09-cv-335

Beckwith, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case pro se seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's motion for stay and abeyance (Doc. 10) and respondent's memorandum in opposition. (Doc. 11).

Petitioner seeks habeas corpus relief on his convictions for retaliation, complicity to perjury, complicity to tampering with evidence, menacing by stalking, and escape. He alleges seven grounds for relief. At issue in the motion for stay and abeyance are Grounds Five, Six and Seven:

> **GROUND FIVE:** A trial court shall not participate in a plea bargain.
>
> **GROUND SIX:** Witness misconduct
>
> **GROUND SEVEN:** The trial court denied petitioner his right for the trial court to instruct jury to less included offenses.

(Doc. 1). Petitioner states that "Grounds 5, 6, and 7 were not presented, petitioner requested that his appellate counsel present these grounds but counsel failed to do so." (Doc. 1 at 26). Petitioner requests a stay of these habeas corpus proceedings so that he may return to the state court to file an Ohio Appellate Rule 26(B) motion to reopen his direct appeal based on the

ineffective assistance of appellate counsel. (Doc. 10 at 2). Petitioner acknowledges that his Rule 26(B) motion would be untimely, but contends that exhibits he received from his former appellate counsel confirm that counsel was ineffective to "some extent" and the exhibits were not sent to petitioner until the time for filing a Rule 26(B) motion had already expired. (Doc. 10 at 2).

Respondent contends that the petition is not a "mixed" petition and that all of the grounds for relief set forth in the petition have been exhausted. Respondent asserts that Grounds Five, Six and Seven have been procedurally defaulted and stay and abeyance is inapplicable.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). To fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). *See also Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). Although the exhaustion requirement is not jurisdictional, there is a strong presumption in favor of requiring exhaustion of state remedies.

*See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

If a federal habeas petitioner has not fairly presented his claims through the requisite levels of state appellate review to the state's highest court, but still has an avenue open to him in the state courts by which he may present his federal constitutional claims, his petition may be dismissed without prejudice or administratively stayed pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice (or administrative stay) on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy's* total exhaustion requirement" and also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines,* 544 U.S. at 275, some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure. This procedure ensures that habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed without prejudice on exhaustion grounds and the petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n. 1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

The discretion of the district court to issue stays in habeas cases is circumscribed to the

3

extent it must "be compatible with AEDPA's purposes." *Rhines*, 544 U.S. at 276. If employed too frequently, stays have the potential to undermine the AEDPA's objectives of encouraging finality of state judgment by delaying resolution of the federal habeas proceedings and "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. The stay and abeyance procedure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

In this case, the petition is a not a "mixed" petition containing both exhausted unexhausted claims. Ground Five alleges the trial court improperly engaged in plea negotiations. Ground Six alleges the victim's boyfriend improperly communicated with sequestered witnesses during the trial. Both of these claims rely on evidence outside of the record and were required to be raised in a state court petition for post-conviction relief under Ohio Rev. Code § 2953.21. *See Morgan v. Eads*, 104 Ohio St.3d 142, 144, 818 N.E.2d 1157, 1159 (2004). Petitioner filed a petition for post-conviction relief but failed to include the claims he now raises in Grounds Five and Six of the petition. (Doc. 7, Exh. 41). Thus, this case involves a procedural default of Grounds Five and Six and not a failure to exhaust.

Ground Seven alleges the trial court erred by failing to instruct the jury on a lesser included offense. This claim is apparent from the face of the trial court record and should have been raised on direct appeal, but was not. Again, the claim asserted in Ground Seven was procedurally defaulted since petitioner did not raise the claim in the state court at the first

4

available opportunity.[1] *See Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied*, 546 U.S. 821 (2005) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

It appears that what petitioner is actually seeking is an opportunity to establish "cause" to excuse the procedural defaults by attacking appellate counsel's effectiveness in failing to raise these three claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts, and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000), citing *Murray*, 477 U.S. at 488-89. Here, however, appellate counsel was not ineffective for failing to raise the claims alleged in Grounds Five and Six of the petition since such claims rely on evidence outside of the record and could not have been raised on direct appeal in any event.

In contrast, the claim alleged in Ground Seven could have been raised on direct appeal but was not. Since petitioner seeks to exhaust his ineffective assistance of counsel claim through an application to reopen his direct appeal under Appellate Rule 26(B), he must first show "good cause" for his failure to exhaust this claim in state court before this federal habeas court may grant a stay.

Petitioner has not shown good cause for granting a stay in this matter. Petitioner alleges he did not receive exhibits from his appellate counsel until the time for filing a Rule 26(B)

---

[1] "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 106 (1967)(syllabus).

5

motion had expired. (Doc. 10 at 2). However, Rule 26(B) motions need not be supported by counsel's alleged admission of ineffectiveness or supporting evidence that is unavailable to petitioner.[2] Rule 26(B) applications require only those parts of the record *available* to the applicant be attached. *See* Ohio App. R. 26(B)(2)(e). Petitioner was necessarily on notice that counsel failed to include as an assignment of error the lack of a lesser included offense instruction upon the filing of his merits brief on direct appeal in October 2007. (*See* Doc. 7, Exh. 19). Petitioner does not explain why he waited more than two years to challenge counsel's effectiveness on appeal. Petitioner offers no other reasons to establish good cause for a stay of these habeas corpus proceedings. In the absence of such a showing, it would be an abuse of this Court's discretion to grant the stay.

---

[2] Appellate Rule 26(B) provides:

(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

(2) An application for reopening shall contain all of the following:

(a) The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;

(b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.

(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

Accordingly, petitioner's motion for stay and abeyance should be denied.

**IT IS THEREFORE RECOMMENDED THAT** petitioner's motion for stay and abeyance be **DENIED**.

Date: 2/3/10

Timothy S. Hogan
United States Magistrate Judge

7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LONNIE RARDEN,
Petitioner,

vs.

WARDEN, WARREN CORRECTIONAL
INSTITUTION,
Respondent

Civil Action No. 1:09-cv-335

Beckwith, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Lonnie Rarden #A547-085<br>Warren Corr. Inst.<br>PO Box 120<br>State Route 63<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 3769 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:04cv335 (Doc. 13)