```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION

Lonnie Rarden,                 )
                               )
          Petitioner,          ) Case No. 1:09-CV-335
                               )
     vs.                       )
                               )
Warden, Warren Correctional    )
Institution,                   )
                               )
          Respondent.          )
```

O R D E R

This matter is before the Court on Petitioner Lonnie Rarden's motion to stay (Doc. No. 10) Magistrate Judge Wehrman's Report and Recommendation of February 3, 2010 (Doc. No. 13) recommending that Petitioner's motion be denied, and Petitioner's objections to the Report and Recommendation (Doc. No. 19).  For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Petitioner's motion to stay is not well-taken and is **DENIED.**

Petitioner is a state prisoner serving a term of imprisonment on convictions for perjury, complicity to tampering with evidence, menacing by stalking, and escape.  On May 14, 2009, Petitioner filed a petition for a writ of habeas corpus which raised seven assignments of error.  In her return of the writ, Respondent argued, inter alia, that Petitioner's fifth,

1

sixth, and seventh assignments of error are procedurally defaulted for failure to raise them on direct appeal and/or during state post-conviction relief proceedings.  Petitioner then moved the Court to stay these proceedings while he returned to state court to file a motion to re-open his appeal.

Magistrate Judge Wehrman recommended that the motion to stay be denied on the grounds that Petitioner had not shown good cause.  In so ruling, Magistrate Judge Wehrman apparently concluded that staying this case would be futile since Petitioner's time for re-opening his direct appeal in state court had elapsed.  Petitioner's objections to the Report and Recommendation seem to be addressed to Judge Wehrman's alleged misunderstanding of Ohio Rule 26.  Judge Wehrman's assessment was correct, however; the Ohio Court of Appeals denied Petitioner's motion to re-open his direct appeal under state appellate Rule 26(B)(2)(b).  See 2010 WL 3594426 (Petitioner's Memorandum of Jurisdiction to Supreme Court of Ohio following denial of motion to re-open appeal).

Petitioner then notified the Court that he was re-sentenced because the state trial court failed to advise him of post-release control penalties.  The effect of this, Petitioner stated, was that his original sentence was void and, as a consequence, he might be able to raise all of the grounds of his habeas petition on direct appeal from his new sentence.  Doc.

2

Nos. 14 & 22.  His logic was that since his first sentence was void, his appeal from the resentencing hearing would be his first appeal as of right and then he would be able to avoid a procedural default of his claims.  The Ohio Supreme Court, however, recently ruled that the scope of an appeal from a resentencing in which a mandatory term of post-release control is imposed is limited to issues arising at the resentencing hearing.  State v. Fischer, __N.E.2d No. 2009-0897, 2010 WL 5349851, at *1 syl. 4 (Ohio Dec. 23, 2010).  In other words, a defendant's appeal from a resentencing hearing such as Petitioner's does not constitute a first appeal as of right in which he may raise any and all issues related to his conviction.  Id. at *2.

      Magistrate Judge Wehrman correctly determined that Petitioner was not entitled to stay these proceedings while he attempted to raise procedurally defaulted claims in state court for the first time.  Petitioner's objections are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; the motion to stay is **DENIED.**


      **IT IS SO ORDERED**


Date January 19, 2011        s/Sandra S. Beckwith
                                    Sandra S. Beckwith
                      Senior United States District Judge